Dear Ms. Bowen:
Our office is in receipt of an opinion request from you concerning action taken by the Rapides Parish Police Jury to remove a member of the Zachary Taylor Parkway Commission. This request has been assigned to me for research and reply.
According to your letter, the member in question has been serving as a member of the Commission by virtue of action taken by the Rapides Parish Police Jury, and is authorized to do so for a two year term, set to end on August 31, 2008. The information you provided includes correspondence from the President of the Rapides Parish Police Jury, notifying the Commission that the Police Jury had voted to remove the member in question.
The question presented in your opinion request is whether the appointing authority of a member of the Zachary Taylor Parkway Commission may remove the member from his office for any reason other than just cause.
The Louisiana Constitution of 1974, Article XIV, § 15, provides, in pertinent part:
 A person holding an office by appointment shall continue to exercise his powers and duties until his office is abolished, his term ends, or he is removed or replaced under the provisions of this constitution or by law.
The composition and appointment of the Zachary Taylor Parkway Commission is described in La.R.S. 48:1805. Removal from office is provided for in La.R.S. 48:1805(C), which asserts: *Page 2 
 A voting member of the commission may be removed by the appointing authority for just cause. In case of abandonment of his office, conviction of a felony, or a plea of nolo contendere thereto, the office of a voting member shall become vacant upon the declaration of a majority of the other voting members of the commission. A voting member shall be deemed to have abandoned his office upon failure to attend any three consecutive meetings of the commission, unless the member's absence was excused by the commission in response to the member's request, or unless the member was represented by the alternate member who resides in the same parish as the member.
This statute only allows for the appointing authority to remove a voting member of the commission for just cause.
The letter provided by you from the Rapides Parish Police Jury contains the name of the new member and alternate, but does not state the reason for the removal of the member in question. Whether or not the member in question was removed for reasons that would warrant "just cause" requires a factual determination that this office cannot make. Our office has previously addressed the issue of just cause for removal in La. Atty. Gen. Op. No. 78-1196, and has stated this definition is broad enough to include malfeasance or gross misconduct while in office, or the conviction of a felony while in office.
As the statute governing appointment of members of the Zachary Taylor Parkway Commission only provides for the removal of a commissioner by the appointing authority for just cause, our office is of the opinion that, pursuant to La. RS. 48:1805, this is the only reason that the appointing authority may remove a commissioner from the Zachary Taylor Parkway Commission.
We hope that this opinion has adequately addressed the legal issues that you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:__________________________ Emalie A. Boyce Assistant Attorney General JDC:
 EAB